STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff—Appellee,

v.

Robert Leon WOLF, Defendant— Appellant,

and

P.H., Defendant.

No. 06–35285.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2008.*

Filed May 30, 2008.

J. Philip Parks, Parks Bauer Sime Winkler & Fernety, LLP, Salem, OR, for Plaintiff–Appellee.

Scott O. Pratt, Esq., Law Offices, Christine M. Cook, Esq., Portland, OR, for Defendant–Appellant.

Truman Stone, Newberg, OR, for Defendant.

Before: RYMER and PAEZ, Circuit Judges, and CARNEY **, District Judge.

MEMORANDUM ***

Robert Leon Wolf ("Wolf") appeals the district court's order granting summary judgment to State Farm Fire & Casualty Company ("State Farm"). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

We review de novo a district court's grant of summary judgment. *American Civil Liberties Union v. City of Las Vegas,* 333 F.3d 1092, 1096–97 (9th Cir.2003).

P.H. filed suit against Wolf in Oregon circuit court for sexual assault and battery of a child, intentional infliction of emotional distress, breach of fiduciary duty, and negligence, stemming from an April 1988 incident in which Wolf, then 38 years of a age,

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Cormac Carney, United States District Judge for the Central District of California, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

engaged in sexual intercourse with P.H., then a 16 year old minor. At the time of the acts in question, Wolf was insured under a Homeowner's Policy and a Personal Liability Umbrella Policy issued by State Farm. Each policy excluded from coverage injury that was expected or intended by the insured. Pursuant to those provisions, State Farm filed a complaint in federal district court, seeking a declaratory judgment that it had no duty to defend Wolf in the action brought by P.H. because she alleged conduct demonstrating an intent to harm.

Wolf argues that the district court erred in concluding that State Farm had no duty to defend because intent to harm must be inferred as a matter of law in cases involving sexual abuse of a minor. We disagree. In *Mutual of Enumclaw v. Merrill,* 102 Or.App. 408, 794 P.2d 818 (1990), *rev. den.* 310 Or. 475, 799 P.2d 646 (1990), the court held that "injurious intent is necessarily inferred from" sexual abuse of a minor. *Id.* at 412, 799 P.2d 646. Despite Wolf's protestations, *Merrill* remains good law in the State of Oregon. Wolf's conduct as alleged in P.H.'s complaint constitutes sexual abuse of a minor, and therefore intent to harm is inferred. With this inference of intentional harm, Wolf's conduct is not covered by the policies, and therefore does not invoke State Farm's duty to defend.

Wolf also maintains that the district court erred in not considering his declaration stating that he did not subjectively intend to harm P.H., but that argument is unavailing. Under *Merrill,* his subjective intent is irrelevant. *See id.* Last, Wolf argues that the district court erred in holding that P.H.'s claims for intentional infliction of emotional distress, breach of fiduciary duty, and negligence, are derivative of the sexual assault claim. Again, we disagree. Each of these claims is derivative of and inseparable from Wolf's alleged sexual misconduct. P.H. re-alleged and incorporated the sexual assault allegations into each of these claims; they do not stand independently. She re-characterized the same underlying conduct to support the legal basis for each of these additional claims.[1]

**AFFIRMED.**

---

1. Wolf also argues that the district court erred in failing to award him attorney fees. Wolf was not, and is not, the prevailing party; he is therefore not entitled to attorney fees.